[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
This is a motion to dismiss a counterclaim brought against the Federal Deposit Insurance Corporation (FDIC) in a foreclosure action. For the reasons briefly explained below, the motion must be granted.
The FDIC commenced this action against the defendants, Gianfranco Galluzzo and Walter and Nancy Burns in 1997. The complaint alleges that the defendants own real property in Meriden and that Galluzzo and Walter Burns have defaulted on a note held by the FDIC secured by that property. The plaintiff seeks foreclosure.
On September 4, 1998, Walter and Nancy Burns filed an answer, special defenses, and counterclaim. The special defenses and the counterclaim each assert that the plaintiff is not the holder of the note and that the note has been paid. The counterclaim seeks a "decree" that the plaintiff is not the holder of the note and that the Burnses are not indebted to the plaintiff on the note and "[j]udgment in favor of the defendants Walter Burns and Nancy Burns on their counterclaim." On June 11, 1999, for reasons that are unexplained in the record, the Burnses withdrew their special defenses, leaving only their counterclaim. On January 4, 2000, the FDIC filed the motion to dismiss now before the Court. The motion was heard on January 24, 2000.
12 U.S.C. § 1821(d)(13)(D) provides that, "[N]o court shall have jurisdiction over (i) any claim . . . or any action seeking a determination of rights with respect to the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver." This provision "bars any action seeking a determination of rights with respect to the assets of any depository institution." Tri-State Hotels, Inc. v. FDIC,79 F.3d 707 (8th Cir. 1996). Its text, by including actions "seeking a determination of rights" establishes "a bar to declaratory judgment actions." National Union Fire Insurance Co. v. CitySavings, F.S.B., 28 F.3d 376, 385 (3d Cir. 1994). "[A] declaratory judgment action is an `action seeking a determination of rights.'" Id. (Emphasis in original.) This jurisdictional bar to declaratory judgment actions is consistent both with the text of the Federal statutory provision in question and with the discoverable legislative intent. Id. at 389.
Some courts "have distinguished between counterclaims and CT Page 1078 affirmative defenses, and have exercised jurisdiction over affirmative defenses even though the proper administrative procedures had not yet been exhausted." Resolution Trust Corp. v.Midwest Federal Savings Bank, 36 F.3d 785, 792 (9th Cir. 1994). The Burnses seek to take advantage of this distinction, claiming that their counterclaim is actually an affirmative defense. To their present regret, however, they have already made this distinction themselves. As mentioned, they filed both special defenses and counterclaims on September 4, 1998 and expressly labeled the claim now in question as a "counterclaim." Moreover, as discussed above, that counterclaim seeks the affirmative remedy of a declaratory judgment. This is precisely what the statutory language in question prohibits.
The Burnses finally argue that their claim is really directed against the predecessor institution, not the FDIC. Their counterclaim, however, is expressly directed against the "plaintiff," and the "plaintiff" in this case is the FDIC. Moreover, the judgment they seek is with respect to the assets of a depository institution fro which the FDIC is appointed receiver. 12 U.S.C. § 1821(d)(13)(D) expressly bars the Court from jurisdiction over this claim.
The motion to dismiss is granted.
Jon C. Blue Judge of the Superior Court